26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth SMARTT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everod St. John OATES, Defendant-Appellant.
 Nos. 93-50239, 93-50449.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided June 9, 1994.
 
 Before: FLETCHER, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elizabeth Smartt and Everod Oates appeal the district court's denial of their motions to suppress evidence in these related drug cases. We affirm.
 
 I. Smartt
 
 3
 Smartt asserts that the district court's denial of her motion to suppress was improper because the Los Angeles police officers who questioned her at the Los Angeles International Airport (LAX) did not have reasonable suspicion to warrant making what she describes as an "investigatory stop." She also contends that the district court's conclusion that she voluntarily consented to searches of her purse and luggage was clearly erroneous. We reject both of these assertions.
 
 
 4
 Smartt repeatedly characterizes her encounter with the police at LAX as a "stop," "detention," and "seizure." However, no "detention" occurred; her initial encounter with the police was consensual. Smartt asserts that Detective Gillespie took her by the arm when he initially approached her. Detective Gillespie testified at the suppression hearing that he did not take Smartt by the arm. The district court found Gillespie's testimony to be credible and denied the motion to suppress. We can find no basis for disturbing the district court's determination in this regard. We also reject Smartt's implicit suggestion that some level of individualized suspicion is necessary for the police to perform any investigations into possible illegal activity, even those that do not implicate the Fourth Amendment. See Florida v. Bostick, 111 S.Ct. 2382, 2388 (1991).
 
 
 5
 Finally, we reject Smartt's challenge to the district court's determination that her consent to search her purse and luggage was voluntarily given. Smartt has not shown us anything in the record that establishes that the circumstances of the encounter would have led a reasonable person to conclude that she was not free to refuse the officers' requests.
 
 II. Oates
 
 6
 With respect to defendant Oates, we conclude that the officers had probable cause to arrest him at the time that he was transferred to the task force offices. This case is not like Florida v. Royer, 460 U.S. 491 (1982), or United States v. Moreno, 742 F.2d 532 (9th Cir.1984), where evidence obtained following airport detentions based solely on drug courier profiles had to be suppressed because it was obtained in violation of the Fourth Amendment. The officers in this case possessed significantly more information indicating that Oates had committed a crime. The officers had information linking him to a person whom the officers already had discovered to be transporting narcotics. When this information is added to the suspicious nature of his travel arrangements, we have no difficulty in concluding that probable cause supported his detention in the task force offices. Accordingly, the district court properly denied his motion to suppress.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3